In fact, there is abundant evidence to sustain plaintiff's case, and no evidence on the part of the defendant. Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

---

WHITEBECK, Respondent, v. ENGLISH, Appellant, et al. (Supreme Court, Appellate Division, Fourth Department. May 1, 1907.) Action by Ernest C. Whitbeck, as trustee, etc., against Anna E. English, impleaded with others. No opinion. Judgment affirmed, with costs.

---

WHITESIDE, Appellant, v. NORTH AMERICAN ACCIDENT INS. CO. OF CHICAGO, Respondent. (Supreme Court, Appellate Division, Fourth Department. May 8, 1907.) Action by William E. Whiteside against the North American Accident Insurance Company of Chicago.

PER CURIAM. Judgment in favor of defendant reversed, with costs, and judgment directed in favor of plaintiff for the amount demanded in the complaint, with costs. Held, that the complaint states a good cause of action, and that under the stipulation of the parties plaintiff is entitled to judgment.

---

WICKS, Respondent, v. BUTLER et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. May 1, 1907.) Action by Russell H. Wicks against Harriet L. Butler, individually and as executrix, and another, etc.

PER CURIAM. It appearing that appellants have failed to file and serve their printed papers on appeal as required by rule 41, and it not having been shown that a case containing exceptions is necessary, respondent's motion to dismiss the appeal herein is granted, with $10 costs.

---

In re WILLETS' ESTATE. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) In the matter of the appraisal of the estate of Robert R. Willets, deceased, under the acts relative to the taxable transfers of property. Order of the Surrogate's Court of Westchester county (100 N. Y. Supp. 850, 51 Misc. Rep. 176) affirmed, with costs, upon the opinion of the surrogate.

---

WILLIAM J. MATHEWSON CO., Limited, Respondent, v. DELZER, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 8, 1907.) Action by the William J. Mathewson Company, Limited, against Mary Delzer. No opinion. Judgment and order affirmed, with costs.

---

WILLIAMS, Respondent, v. SPRINGER, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 1, 1907.) Action by Herman Williams against Charles H. Springer.

PER CURIAM. Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. Held, that the referee committed error in charging the defendant with the entire cost paid by him for transporting the butter in question to market, that under the contract between the parties such cost should be borne equally by them, and that for such error the judgment should be reversed and a new trial ordered before another referee. Inasmuch as there is to be a new trial, we refrain from passing upon the other questions raised by counsel.

---

WILMERDING et al., Respondents, v. CARBODY, Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by Theodore K. Wilmerding and others against Victorine Carbody. No opinion. Judgment and order reversed, and new trial granted, costs to abide the event, on the ground that the verdict was against the weight of evidence.

---

WILSON, Respondent, v. ARCHER MFG. CO., Appellant. (Supreme Court, Appellate Division, Second Department. May 3, 1907.) Action by Michael Hoffmann Wilson against the Archer Manufacturing Company. No opinion. Order affirmed, with $10 costs and disbursements.

---

WINOGRAD, Appellant, v. EPSTEIN, Respondent. (Supreme Court, Appellate Division, Second Department. May 10, 1907.) Action by Joseph Winograd against Samuel Epstein.

PER CURIAM. If there was a breach of the contract by the defendant, the plaintiff was entitled to recover the payments made and the difference between the contract price and the value of the goods at the time and place of delivery. The payment of $50 was conceded, and the evidence that the goods were worth $50 more than the contract price was not disputed. It was therefore error to give judgment for only the sum of $50. Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event.

---

WITTE et al., Respondents, v. SCHORNSTEIN et al., Appellants. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by William Witte and another against Herman Schornstein and another. No opinion. Judgment of the Municipal Court affirmed, with costs.

---

WOLFSON v. METROPOLITAN ST. RY. CO. (Supreme Court, Appellate Division, First Department. May 31, 1907.) Action by Abraham Wolfson against the Metropolitan Street Railway Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded. Sol. Kohn, for appellant. Lyman A. Spalding, for respondent.

PER CURIAM. Although the plaintiff's witnesses appear to have contradicted each other in certain minor particulars, we think that there was enough to take the case to the jury. Judgment reversed, and a new trial granted, with costs to appellant to abide the event.

---

WOOD, Appellant, v. LAEMMLE, Respondent. (Supreme Court, Appellate Division, First

Department. May 10, 1907). Action by Walter W. Wood against Joseph Laemmle. F. M. Avery, for appellant. W. F. Wund, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

WOODMAN et al., Respondents, v. MYERS, Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by Joel H. Woodman and another, as administrators, etc., against Emmet Myers. No opinion. Judgment of the County Court of Orange county unanimously affirmed, with costs.

WOODWARD, Respondent, v. CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by Clara J. Woodward against the city of New York. No opinion. Judgment and order affirmed, with costs.

WRIGHT, Respondent, v. KNIGHTS OF MACCABEES, Appellant. (Supreme Court. Appellate Division, Fourth Department. May 1, 1907.) Action by Dennis L. Wright against the Knights of the Maccabees.

PER CURIAM. It appearing that the justices qualified to sit in this appeal are equally divided and unable to render a decision herein, said appeal is ordered transferred to the Appellate Division of the Third Judicial Department, to be there heard and determined, pursuant to section 231 of the Code of Civil Procedure.

SPRING, J., not sitting. See 95 N. Y. Supp. 996.

WYNKOOP, Respondent, v. LUDLOW VALVE MFG. CO., Appellant. (Supreme Court, Appellate Division, Third Department. May 8, 1907) Action by William Wynkoop against the Ludlow Valve Manufacturing Company. For former opinion, see 98 N. Y. Supp. 1076.

PER CURIAM. Judgment and order reversed, on the ground that the finding of the jury that the plaintiff did not assume the risk is against the weight of evidence, and new trial granted, with costs to appellant to abide event.

SMITH, P. J., dissents.

YEANDEL v. PRUDENTIAL INS. CO. OF AMERICA. (Supreme Court, Appellate Term. May 16, 1907.) Appeal from City Court of New York, Trial Term. Action by Mary A. Yeandel against the Prudential Insurance Company of America. From an order setting aside a verdict for plaintiff, she appeals. Reversed, and verdict reinstated. August P. Wagener, for appellant. Campbell & Yankauer, for respondent.

PER CURIAM. Upon the authority of Grogan v. U. S. Industrial Ins. Co., 90 Hun, 521, 36 N. Y. Supp. 687, the order must be reversed. The cases of Bagley v. Bowe, 105 N. Y. 171–179, 11 N. E. 386, 59 Am. Rep. 488, and Colt v. Sixth Ave. Ry. Co., 1 Jones & S. 189, cited by the court below, seem to be more favorable to the appellant's contention than to that of the respondent, so far as they have any bearing at all upon the case. There was sufficient evidence from which the jury might rightfully infer that the receipt was properly executed by the deceased, and while a comparison of the signature of the deceased as written upon the application for the policy with that upon the assignment or receipt shows dissimilarity, the genuineness of the decedent's signature to such assignment was not questioned at the trial. The order must be reversed, and the verdict reinstated, with costs.

ZAMORY, Appellant, v. LEVY et al., Respondents. (Supreme Court, Appellate Division, First Department. April 12, 1907.) Action by George G. Zamory against Joseph Levy and another. A. D. Lind, for appellant. L. S. Garrere, for respondents.

PER CURIAM. Judgment affirmed, with costs. Order filed.

McLAUGHLIN and HOUGHTON, JJ., dissent.

END OF CASES IN VOL. 104.

*